*J* JAMES *&* ROBERT RAMSEY executors of RAMSEY *against* JOHNSON.

IN ERROR.

Where the question was whether a judgment was paid? the execution with proof of actual pay.1 ent over of the money made on it, is good evidence, without producing the levy, or vendue paper, containing an account of the sale of the goods out of which the money was made.

Had the object been to prove the contents of the paper called the levy, or the vendue paper, it must have been produced.

Neither the conduct of a witness in other transactions, nor particular instances of misconduct, can be given in evidence.

ERROR to the court of Common Pleas of *Lancaster* county.

The case was an issue, joined in the common form of a wager, directed by the Common Pleas upon the appropriation of the money arising from the sale of the real estate of *William Brown,* to try the question whether *William Ramsey's* judgment against *Brown* had been paid and was joined between *Johnson* another judgment creditor and *Ramsey's* executors who were made defendants.

Upon the trial of the cause the plaintiff, *Johnson* produced an execution issued by *John Baird* Esquire, before whom *Ramsey's* judgment against *Brown,* had been obtained, upon that judgment, and proved by *Jacob Stoner,* the constable, that it was filled up in his hand writing, that *John Baird* signed and gave it to him with others. That he had made a levy on the execution advertised and sold upon it. That there was a vendue paper made at the sale which contained the amount of the sale, mentioning every article and the price for which it sold. That the levy was in writing, but that he had left it at home, and the vendue paper was in the possession of the constable of the township. The plaintiff then offered to prove by the witness "that he levied goods of *William Brown,* and sold them by virtue of the executions of *Ramsey* and others against *Brown,* to the amount of one hundred and sixty five dollars. That he paid it over to *John Baird,* Esquire, the Justice." To which offer the counsel of the defendant objected, but the court overruled their objection and permitted the said evidence to be given, except that part which is contained within crotchets which was rejected, and a bill of exceptions was sealed by the court.

The defendant endeavoured by the cross-examination of the witness, to discredit him and show that the money had been applied to other executions. They then offered to prove that the witness had stated that while constable he used to assist *John Baird*

(Ramsey *v.* Johnson.)

Esquire in his office, that he could write his name so that he could not tell it himself, whether it was his own hand writing or that of the witness, and that he had written his name to process which he had. The court overruled the offer and sealed a bill of exceptions.

The verdict was for the plaintiff, and error was assigned here in the two bills of exceptions stated.

The cause was argued by *Porter* and *Buchanan* for the plaintiff in error, and *Parke* and *W. Hopkins* for the defendant in error.

Per Curiam.—The point in the first bill of exceptions, sufficiently resembles one of the points in *Heckert* v. *Hayne,* 6 *Binney,* 606 to authorize a decision of it on the authority of that case. There the object was to prove payment of money, for which a receipt had been given, attested by a witness; and to an objection that the proof could be made only by that witness, it was answered and so held, that if the question had been on the existence of the receipt, he must have been produced, but that actual payment could be proved, like another fact, by him who made it. Had the object here been to prove the contents of the paper called the levy, or the vendue paper, it must have been produced. But neither of these was necessarily a part of the execution, being merely a memorandum for the officer's convenience; and the plaintiff's case was made out *pro tanto,* by producing the execution with proof of actual payment over of money made on it.

It is impossible to see the pertinency of the evidence the rejection of which is the subject of the remaining exception. The conduct of the witness in other transactions, could not affect the rights of the parties in this; nor could particular instances of misconduct be proved on him, to affect his character for credibility.

Judgment affirmed.